# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ELIJAH GRACE and MAURICE PORTER, JR.,** *Plaintiff* | § § § § § | **No. 1:22-cv-1240-DII** |
| **v.** | § § § | |
| **TEXMEX RAINEY, LLC,** *Defendant* | § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   HONORABLE UNITED STATES DISTRICT JUDGE

Before the Court is Texmex Rainey, LLC's ("Texmex Rainey") 12(b)(6) Motion to Dismiss, Dkt. 10, and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation recommending that the District Court grant in part and deny in part Texmex Rainey's motion.

## I.      BACKGROUND

This is a race-based discrimination case arising under 42. U.S.C. § 1981. Dkt. 1, at 1. Plaintiffs Elijah Grace and Maurice Porter, Jr. ("Plaintiffs") initiated this lawsuit against Texmex Rainey, the owner of Cantina 512, a bar and nightclub located in Austin's Rainey Street entertainment district. Dkts. 1, at 1-2. Plaintiffs, who are Black, allege that on or about July 16, 2022, they were denied entry to Cantina 512 "on account of their race." *Id.* at 1, 3. Upon arriving to Cantina 512,

Plaintiffs encountered a bouncer who prevented Plaintiffs from entering and told Plaintiffs that individuals wearing their hair in dreadlocks could not enter the establishment. *Id.* Porter was accompanied by a white friend who was allowed to enter Cantina 512. *Id.* Plaintiffs remained outside the bar and claim that they were soon joined by at least five other Black men with dreadlocks who were also denied entry. *Id.* at 4. Plaintiffs allege that when they inquired about the "no dreadlocks policy," no employee of Cantina 512 could point to any posted or written policy that prohibited dreadlocks. *Id.* Later, a manager of Cantina 512 responded online claiming that such a "policy" does not exist. *Id.*

Plaintiffs allege that Cantina 512's conduct denied Plaintiffs the ability to contract for the establishment's services (selling food and drinks) and that Cantina 512 treated the Plaintiffs as if they were persons of "bad conduct or engaged in wrongdoing" because they were Black and happened to have their hair in dreadlocks. *Id.* at 5. Plaintiffs claim that "Cantina 512 has engaged in a practice of denying Black patrons entry into its establishment and used the dreadlocks hair style as a pretext." *Id.* at 1-2. Plaintiffs allege that they have suffered trauma, mental anguish, humiliation, and embarrassment as a result of Texmex Rainey's conduct. *Id.* at 5.

Plaintiffs bring claims for race-based discrimination under 42 U.S.C. § 1981 and for intentional infliction of emotional distress ("IIED"). Dkt. 1 at 6-7. Texmex Rainey moves to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Dkt. 10 at 1. Texmex Rainey argues that Plaintiffs have failed to show that Texmex Rainey intentionally discriminated

against them because of their race, or that "but for" their race Plaintiffs would have been admitted into Cantina 512. *Id.* at 3. Instead, Texmex Rainey argues, Plaintiffs have pleaded that they were not allowed entry on the basis of their hairstyle and then "subjectively concluded that their race must have been the real reason." *Id.* at 3. And Texmex Rainey argues that the Plaintiffs' IIED claim is based entirely upon the same alleged facts and conduct that gives rise to Plaintiffs' § 1981 claim, and therefore, is not actionable under Texas law. *Id.* at 7.

Plaintiffs respond that § 1981's three factors have been met in their complaint because they are a racial minority, Texmex Rainey intended to discriminate against them because of their race, and they were barred from entering into a contract with Cantina 512. Dkt. 11, at 6-11. Plaintiffs did not respond to Texmex Rainey's IIED argument.

## II.      LEGAL STANDARD

### A.      12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when

3

assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.   DISCUSSION

### A.   Plaintiffs' § 1981 Claim

Plaintiffs claim that they were discriminated against based upon their race by Cantina 512 in violation of 42 U.S.C. § 1981. Dkt. 1, at 6. To succeed on a § 1981 claim, a plaintiff must establish "(1) that [he] is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute," which includes, but is not limited to, having the full and equal benefit of all laws and proceedings for the security of persons and property as enjoyed by white citizens, including the right to make and enforce contracts on the same basis as white citizens. *Morris v. Dillard Dep't Stores, Inc.,* 277 F.3d 743, 751 (5th Cir. 2001); *see also* 42 U.S.C. § 1981

Plaintiffs argue that they have sufficiently pleaded all three elements of their § 1981 claim. Dkt. 11, at 5-11. Plaintiffs' complaint states that they are Black, and therefore, members of a racial minority. Dkt. 1, at 6. Further, Plaintiffs claim that Texmex Rainey intended to discriminate against them on account of their race, and that the discrimination concerns an activity enumerated under § 1981, specifically, the right to make and enforce a contract. *Id.* at 6-11. The parties do not dispute the sufficiency of Plaintiffs' pleadings as to the first and third elements of Plaintiffs' § 1981 claim.[1] Dkt. 10, at 2-6.

---

[1] As to the third element of Plaintiffs' claim, "when a merchant denies service or outright refuses to engage in business with a consumer attempting to contract with the merchant, that is a violation of § 1981." *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 290 (5th Cir. 2004). Plaintiffs allege they were denied entry to Cantina 512 "and prohibited from

Texmex Rainey instead focuses its motion on the second element of Plaintiffs' § 1981 claim, arguing that Plaintiffs have failed to allege facts showing that Texmex Rainey intentionally discriminated against Plaintiffs because of their race. *Id*. at 3. Texmex Rainey contends Plaintiffs have merely subjectively concluded that their race was the reason they were denied entry. *Id*. at 3-4. Texmex Rainey argues that the pleaded facts amount to a claim that Plaintiffs were denied entry on the basis of their hairstyle which does not give rise to a § 1981 claim since disparate treatment on the basis of hairstyle is not necessarily synonymous with racial discrimination. *Id*. Texmex Rainey directs the Court to *EEOC v. Catastrophe Mgmt. Sols.*, where an employer's no-dreadlock policy for employees was found to not constitute racial discrimination. 852 F.3d 1018, 1020 (11th Cir. 2016). Texmex Rainey also argues that the Supreme Court has recently ruled that, "to prevail [on a § 1981 claim], a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast v. Nat'l Ass'n of African American-Owned Media,* 140 S. Ct. 1009, 1019 (2020). Texmex Rainey argues that Plaintiffs have not shown that but for their race, Plaintiffs would have been admitted into Cantina 512. Dkt. 10, at 5-6.

The undersigned finds that Plaintiffs have plausibly pleaded that Texmex Rainey had the intent to discriminate on the basis of race. Plaintiffs' complaint alleges Texmex Rainey denied Plaintiffs entry to Cantina 512 using "the fact that

buying food and drinks …." Plaintiffs have therefore plausibly pleaded that their claims concern the right to make and enforce a contract. *See, e.g.*, *Dunaway v. Cowboys Nightlife, Inc.*, 436 F. App'x 386, 392 (5th Cir. 2011) ("A customer typically enters a contract with a restaurant by purchasing food or beverages.").

[Plaintiffs] wore their hair in dreadlocks … as pretext for excluding Plaintiffs from Cantina 512 … on account of their race." Dkt. 1, at 1-2. While a policy disallowing entry to Cantina 512 for any patron wearing dreadlocks, or even an employer's "no dreadlock" policy for employees may not be actional racial discrimination under § 1981, Plaintiffs' complaint notes that "a manager of Cantina 512 responded online that no such policy existed." Dkt. 1, at 4. Plaintiffs further allege that employees of Cantina 512 "could not point to any written or posted policy that prohibited dreadlocks." *Id.* These alleged facts support Plaintiffs' claim that there was no generally applicable "no dreadlock" policy at the time they were denied entry and their claim that they were, in fact, denied entry because of their race. *See id.* ("[D]espite not having any formal policy of prohibiting dreadlocks in its establishment, [Defendants] chose to adopt this "policy" at random to exclude Black patrons from its bar, restaurant, and club.").

Plaintiffs also allege that in contrast to the treatment they received, "the bouncer checked the ID of [Plaintiff's] friend, a white male, and immediately allowed this individual entry into Cantina 512." Dkt. 1, at 3. These allegations sufficiently lead to a reasonable inference that Plaintiffs have pleaded race was a but for cause of Plaintiffs being denied entry to Cantina 512, and that Defendants had the intent to discriminate on the basis of race. *See Nicholson v. A.H.D. Houston, Inc.,* No. 4:21-CV-02624, 2022 WL 4543201, at *5 (S.D. Tex. Sept. 28, 2022) (finding Plaintiff plausibly alleged sufficient facts to establish that race was a but for cause of her being barred from club and turned away for work where the pleadings alleged she and other

dancers were fined for "breaking 'unwritten rules' [but she and other] African American dancers regularly received larger fines than white dancers.").

Based on the foregoing, the undersigned finds that Plaintiffs have pleaded factual allegations that, when assumed to be true, raise a right to relief under § 1981 above a speculative level. *Dunaway*, 436 F. App'x at 392 ("[A]n individual who is forcibly removed from the club after entry, denied access to the dance floor, or prohibited from purchasing drinks … may be subject to a violation of his contractual rights protected by 42 U.S.C. § 1981. If forcibly removed or otherwise prevented from enjoying the contractual benefits associated with the entrance fee, solely on the basis of his race or other impermissible rationale, then his 42 U.S.C. § 1981 rights have been violated.").

### B.  Plaintiffs' Intentional Infliction of Emotional Distress Claim

Plaintiffs did not respond to Texmex Rainey's argument that they did not have a valid IIED claim. Dkt. 13, at 1. Failure to respond to an argument in a motion to dismiss constitutes a forfeiture of that issue at the district court. *See Medina v. Parkside Lending LLC,* No. A-19-CV-109-RP, 2020 WL 4274587, at *3 (W.D. Tex. July 23, 2020); *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Kellam v. Metrocare Servs.*, 560 F. App'x 360, 361 (5th Cir. 2014).

Therefore the District Court should grant Defendants motion as to Plaintiffs' IIED claim and dismiss that claim with prejudice. *See Arkansas v. Wilmington Tr. Nat'l Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020);

*Mayo v. Halliburton Co.*, Civ. Action No. H-10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010).

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT IN PART** and **DENY IN PART** Texmex Rainey's 12(b)(6) motion.

Specifically, the undersigned recommends Defendant's motion be **GRANTED** as to Plaintiffs' IIED claim and that Plaintiffs' IIED claim should be **DISMISSED WITH PREJUDICE**. Defendant's motion should be **DENIED** as to Plaintiffs' § 1981 claim.

The referral of this case should now be **CANCELED**.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district

court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 15, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE